IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | Criminal Action No. |
| vs. § | 3:19-CR-193-N |
| § | |
| HECTOR VASQUEZ § | |

### MEMORANDUM OPINION AND ORDER OF DETENTION

By *Order Accepting Report and Recommendation of the United States Magistrate Judge Concerning Plea of Guilty*, filed August 28, 2020 (doc. 77), this matter has been referred for a hearing to determine whether it has been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why the defendant should not be detained under 18 U.S.C. § 3143(a)(2), and whether it has been shown by clear and convincing evidence that the defendant is likely to flee or pose a danger to any other person in the community if released under 18 U.S.C. § 3142(b) or (c). Also before the Court is the defendant's related *Motion for Continued Release*, filed September 2, 2020 (doc. 83).

Hector Vasquez (Defendant) appeared in person and through counsel for a hearing on September 9, 2020. After consideration of the filings, evidence, testimony, oral argument, and applicable law, the Court finds that exceptional reasons have not been shown, and Defendant is ordered detained. The motion for continued pretrial release is **DENIED**. The defendant's oral motion to **STAY** execution of this order of detention pending appeal to the district judge is **GRANTED**.

### I. BACKGROUND

Defendant was charged by complaint dated March 28, 2019, with conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846. (*See* doc. 2.) He was arrested and made his initial appearance in this district on that date, and after the government orally withdrew its motion for detention, he was released on conditions of pretrial release on April 2, 2019. (*See* docs.

4, 12, 14.) Defendant was indicted on April 10, 2019, for conspiracy to possess and possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841. (*See* doc. 21.) On April 29, 2020, the parties filed a plea agreement in which Defendant agreed to waive his rights and to plead guilty to the possession count. (*See* doc. 68.) On July 7, 2020, Defendant appeared and entered his plea of guilty before a U.S. Magistrate Judge, who recommended that the guilty plea be accepted. (*See* docs. 74-76.) The recommendation provided notice that upon conviction, Defendant was subject to the mandatory detention provisions of 18 U.S.C. § 3143(a)(2), unless the Court made certain findings. (*See* doc. 76.) The Court accepted the recommendation on August 28, 2020, and referred the matter for hearing and determination of whether Defendant had made the necessary showing to support the findings required for continued release. (*See* doc. 77.)

It is undisputed that Defendant has been fully compliant with his conditions of pretrial release. Defendant contends that exceptional reasons why he should not be detained exist because of his compliance with his conditions of release and his need to complete outstanding construction jobs in order to provide for his wife and four children. (*See* doc. 83.)

## II. ANALYSIS

Section 3143(a)(2) of Title 18 mandates the detention of persons who have been found guilty of certain offenses and who are awaiting imposition or execution of sentence, except in certain limited circumstances. It provides:

> **(2)** The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--
>
> > **(A)(i)** the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> >
> > **(ii)** an attorney for the Government has recommended that no sentence of

2

>   imprisonment be imposed on the person; and
>
>   **(B)** the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). In addition, § 3145(c) provides that a person subject to mandatory detention under this section may also be ordered released if the person meets the conditions of release in § 3143(a)(1)[1] and it is clearly shown that there are exceptional reasons why the person's detention would not be appropriate. *See* 18 U.S.C. § 3145(c); *see also U.S. v. Rothenbach*, 170 F.3d 183 (5th Cir. 1999) (*per curiam*).[2]

The offenses listed in § 3143(a)(2) for which detention is mandatory at this stage of the proceedings described in § 3142(f)(1)(A)-(C) include crimes of violence, crimes with a life sentence, and drug offenses for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. 801 *et seq*. In this case, Defendant has been found guilty of a drug offense that falls within the ambit of § 3142(f)(1)(C) because it is subject to a maximum term of imprisonment of ten years or more. Accordingly, his detention pending sentencing is mandatory unless he makes the showings required under § 3143(a)(2) or § 3145(c).

The Court initially finds that Defendant has made the required showing by clear and

---

[1] Section 3143 (a)(1) states:

>  Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

[2] In *U.S. v. Carr*, 947 F.2d 1239, 1240-41 (5th Cir. 1991), the Fifth Circuit explained that the "exceptional reasons" provision "was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue for exceptional discretionary relief from those provisions". This provision therefore also applies to the initial determination of whether detention is mandatory under § 3143(a)(2) despite its inclusion in a section generally covering appeals.

convincing evidence that he is neither a flight risk or a danger. The Government does not dispute that Defendant has fully complied with his conditions of release. Defendant therefore meets the requirement for release while awaiting sentencing under § 3143(a)(1).

Although the Fifth Circuit Court of Appeals has not defined "exceptional circumstances" for purposes of this statute, the Second Circuit has described it as "a unique combination of circumstances giving rise to situations that are out of the ordinary", *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). The Eighth Circuit has explained that "'exceptional' means 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Little,* 485 F.3d 1210, 1211 (8th Cir. 2007) (citation omitted). District courts in this circuit have noted a variety of circumstances that do not rise to the level of exceptional. *See U.S. v. Cyrus,* No. 10-0228-04, 2010 WL 5437247, *1-2 (W.D. La. Dec. 27, 2010) (need to attend to "secure his home and attend to other personal matters" were not exceptional reasons justifying release pending sentencing); *U.S. v. Douglas*, 824 F. Supp. 98, 99-100 (N.D. Tex.1993) (defendant's cooperation with the government that subjected him to potential retaliation by co-defendants and his attempts at rehabilitation did not constitute exceptional reasons).

Defendant's continued compliance with his conditions of release, while commendable, does not rise to the level of exceptional circumstances or take this case outside of the ordinary case. *See United States v. Wright,* No. 3:16-CR-373-M, 2018 WL 1899289, *4 (N.D. Tex. Apr. 19, 2018) ("a defendant who is compliant with his release conditions and doing everything that [he] should is– however commendable– not so out of the ordinary" or exceptional); *United States v. Perez,* No. 3:18-CR-128-N, 2018 WL 6436439, *5 (N.D. Tex. Dec. 7, 2018) (compliance with conditions of release is commendable but not out of the ordinary); *United States v. Phounesavath*, No. 3:16-CR-474-N, 2017 WL 2572776, at *4 (N.D. Tex. June 14, 2017) (compliance with conditions of release is not out

of the ordinary or "exceptional"); *U.S. v. Norris,* No. 15-68, 2016 WL 5070254, *3 (E.D. La. Sept. 20, 2016) (compliance with conditions of release was not exceptional for purposes of § 3145(c)).

As for his family, courts in this circuit have found that the need to care for and prepare family members for a defendant's absence and to work is not exceptional. *See Wright,* 2018 WL 1899289, *4 (citing numerous cases for the proposition that caring for children and maintaining employment are not exceptional); *U.S. v. Posada,* 109 F. Supp. 3d 911, 913-16 (W.D. Tex. 2015) (finding that desire to make arrangements for family member and manage personal affairs did not constitute "exceptional reasons" even though the government did not oppose release and the defendant had complied with all pretrial release terms); *U.S. v. Landry,* No. 15-32-JWD-SCR, 2016 WL 5202458, *2-4 (M.D. La. Sept. 4, 2016) (need to care for family was not an "exceptional reason"); *U.S. v. Dempsey*, No. 91-098, 1991 WL 255382, *1-2 (E.D. La. Nov. 19, 1991) (poor health, emotional and mental problems, and need to properly prepare his business and his family for his long absence were not exceptional circumstances); *U.S. v. Scott*, No. 1:95-CR-80-1, 1995 WL 723752, *1-2 (E.D. Tex. Nov. 22, 1995) (need to assist parent was a purely personal reason that was no more exceptional than those routinely rejected by courts).

Likewise, courts in other circuits have generally found that the need to care for a family member does not rise to the level of exceptional circumstances. *See United States v. Velarde*, 555 F. App'x 840, 841 (10th Cir. 2014) (personal reasons such as caring for a family or gainful employment are not exceptional) (quoting *United States v. Miller*, 568 F. Supp. 2d 764, 774 (E.D. Ky. 2008) (collecting cases)); *United States v. Nickell*, 512 F. App'x 660, 661 (8th Cir. 2013) (taking care of children and remaining gainfully employed did not constitute exceptional reasons); *United States v. Lippold*, 175 F. Supp. 2d 537, 540 (S.D.N.Y. 2001) (noting that although the need to care for a child

5

could constitute exceptional circumstances in combination with other factors, the defendant had not made the requisite showing despite child's medical issues); *U.S. v. Varney*, No. 12-09-ART-HAI-(1), 2013 WL 2406256, at *4 (E.D. Ky. May 31, 2013) (finding that the defendant's chronic medical conditions and his status as his seriously ill wife's sole caretaker did not rise to the level of exceptional circumstances); *United States v. Taliaferro,* 779 F.Supp. 836, 838 (E.D.Va.1992) (finding difficult pregnancy of teenage daughter insufficient).

Those courts which have found that the need to care for a family member rises to the level of exceptional circumstances have done so where the defendant has shown that there is a specific need for the defendant's assistance. *See United States v. Brown,* 2019 WL 4139402, at * (N.D. Tex. Aug. 30, 2019) (the defendant's step-mother, who was the caregiver for defendant's son, had recently been diagnosed with cancer and was undergoing chemotherapy, and defendant was the only other person available to care for her son, and the defendant was eligible for probation); *United States v. Franklin,* 843 F. Supp. 2d 620, 622-23 (W.D.N.C. 2012) (6'1" 240-pound child with special needs reacted violently to family members other than the defendant, who was his father and caretaker, and the government did not object to finding of exceptional circumstances); *United States v. Hooks,* 330 F. Supp. 2d 1311, 1313 (M.D. Ala. 2004) (defendant was a single mother who needed to make arrangements for care of her three children during her incarceration); *United States v. Rentas,* 2009 WL 3444943 (S.D.N.Y. 2009) (special needs child was unusually dependant on defendant parent). Defendant has not made this showing.

Based on the weight of authority, the Court cannot find that Defendant has shown exceptional circumstances justifying continued release in this case based on his desire to provide for his family prior to his sentencing.

### III.  CONCLUSION

Defendant did not meet his burden to clearly show exceptional reasons why he should not be detained pending sentencing.  The Court therefore cannot make the required findings to support release pending sentencing, and the motion for continued pretrial release is denied.

It is therefore ORDERED that Defendant be, and he is hereby, committed to the custody of the Attorney General and United States Marshal for further proceedings.

It is ORDERED that Defendant, while being so held, be afforded reasonable opportunity for private consultation with counsel.

It is ORDERED that execution of this order be **STAYED** on the defendant's motion, pending determination of his objection or appeal of this order to the district judge.  If no objection or appeal of this order is timely filed, then the stay of this order will automatically expire on the day after the deadline to file an objection or appeal.

Signed this 9th day of September, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE